UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> GUY BENJAMIN BOWMAN : <br> SALLY MAE CARR : <br> : <br> : <br> : <br> : | Case No. 1:22CR21 <br><br> Violations: 21 U.S.C. § 841 <br> 21 U.S.C. § 846 <br> 18 U.S.C. § 2 |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about and between January 1, 2021, and April 6, 2022, in the Western District of Virginia and elsewhere, GUY BENJAMIN BOWMAN and SALLY MAE CARR knowingly conspired with each other and others to knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(viii).

### COUNT TWO

The Grand Jury charges that:

1. On or about and between January 1, 2021, and March 22, 2022, in the Western District of Virginia and elsewhere, GUY BENJAMIN BOWMAN and SALLY MAE

CARR, as principals and aiders and abettors, distributed and possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. All in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendants shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

   c. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. **Money Judgment**

      An undetermined sum of U.S. Currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

   b. **United States Currency**

      $7,108.00

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this ___18TH___ day of ___MAY___, 2022.

/s/ Grand Jury Foreperson

_Whitey D. Pines_   FAI
CHRISTOPHER R. KAVANAUGH
United States Attorney

USAO# 2022R00109